[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION #151.00
This case comes to this court wherein the husband seeks to modify prior orders of the court. This case was tried to conclusion before the Honorable Barbara A. Coppeto. A Memorandum of Decision was done dated December 13, 1991. The order of the court at that time was that the husband, commencing January 1, 1992, pay unallocated alimony and child support of $3,500.00 per month for a period of five years with certain other terminating provisions. Thereafter, it would be child support until the child attains the age of 18 years, dies or sooner becomes emancipated.
The court mentioned that she anticipated the wife would be gainfully employed within a reasonable period of time. The court indicated that she wished the plaintiff to be encouraged to obtain employment. The court indicated that there was no modification until the wife earned in excess of $20,000.00. The judge found that the husband was earning approximately $95,000.00 at the time of the dissolution.
Today he is unemployed and is receiving unemployment compensation of $1,363.10 gross per month. The wife shows on her current affidavit she is earning $320.00 per week. She has earned during the current year approximately what she earned all of last year, which was approximately $3,000.00. For 1992 she earned a total of $3,000.00. For the last thirteen weeks she has earned about $3,000.00. She is now commuting into New York and is working at a firm that pays for commuting.
The husband has remarried and his wife presently earns approximately $48,000.00 gross.
The husband's attorney indicates that the child support guidelines indicate that the proper amount per week is somewhere between $70.00 and $80.00 per week. The court in rendering this decision has taken into consideration the provisions of General CT Page 5654 Statutes 46b-86. Particularly, the criteria of showing a substantial change in the circumstances of either party. The court finds that the husband's financial circumstances have changed dramatically. Accordingly, the court lowers his payments.
In entering these orders, the court has taken into consideration the fact that he has a wife who is working and earning and, who can contribute to the expenses of his current household. In addition, the court has taken into consideration the fact that he does have assets that can be converted into cash. The court has taken into consideration that the wife has not become self-sufficient and that there is a minor child living with her at this point. Accordingly, the court reduces the amounts of his payments from $3,500.00 per month to $2,000.00.
The court further finds that the application for Rule to Show Cause which attached the Motion for Modification of Alimony and Support was served pursuant to General Statutes 52-50. Accordingly, these orders are retroactive until March 3, 1993 which is the date the sheriff's return indicates service.
The court continues the unallocated award as was done by Judge Coppeto as, after full hearing she determined that it was in the best interest of the parties to make an unallocated order. The court in entering this order has taken into consideration the child support guidelines as well as the child support statute and deviates from the child support guidelines since the court finds that the husband has potential earning capacity, assets and that it is in the best interest of the child to deviate from the guidelines.
The husband is to advise the wife in writing within 48 hours of the time he obtains employment. The husband is to send to the wife, copies of his first two pay stubs.
A wage execution is ordered.
Appropriate credits are to be given to the husband for payments made. If the parties are unable to agree as to what the amount of the arrearage is presently, they are referred to Family Relations for investigation and report. The arrearages are to be paid forthwith and the payments due in the future are to be made on time.
KARAZIN, J. CT Page 5655